· In re CORRECT MANUFACTURING
CORP., Debtor.

**Bankruptcy No. 2–86–00096.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 30, 1994.

Frank Hampton Moore, Jr., Cole, Croderick, Minton, Moore & Thornton, Bowling Green, KY, for Russell Simmons.

Larry E. Staats, Columbus, OH, Trustee.

### OPINION AND ORDER ON OBJECTION TO CLAIM # 155A (RUSSELL SIMMONS)

BARBARA J. SELLERS, Bankruptcy Judge.

Larry E. Staats, the duly-appointed trustee of the bankruptcy estate of debtor, Correct Manufacturing Corporation, ("Correct") has objected to the allowance of claim # 155A, filed on behalf of Russell Simmons. Simmons opposed the objection in writing,

but did not appear at the hearing held October 4, 1990. Simmons later indicated he would rely on a written memorandum response filed November 30, 1990.

Some of the equipment manufactured by Correct evidenced defects which, at least in part, caused personal injury and, sometimes, death to some of its users. Problems with that equipment led to Correct's bankruptcy filing on January 10, 1986. Coverage of those injuries and deaths under various of Correct's liability insurance policies has generated many contested matters during the course of the administration of this estate.

Simmons' claim is asserted for personal injuries received on May 21, 1987, a date which is more than one year after the filing of this bankruptcy case. The trustee objects to the claim as untimely in that it was not filed until September 22, 1988, a date long after the claims bar date of May 13, 1986. The trustee also asserts that Simmons did not have a claim prepetition. Simmons' response is that timeliness was impossible because he was not aware of his claim until he was injured. Nevertheless, Simmons argues that his claim arose prepetition, apparently when the equipment was "negligently" manufactured.

In consideration of this matter, the Court has been referred to the asbestos cases. *See e.g. Insurance Co. of North America v. Forty-Eight Insulations, Inc.,* 633 F.2d 1212 (6th Cir.1980). In *Insurance Co.,* the Court of Appeals for the Sixth Circuit held that an asbestos injury occurs for insurance coverage purposes at the time of the injury. Further, the injury occurs at the time of exposure to asbestos fibers rather than at the time the resulting disease becomes manifest. *Insur. Co.,* 633 F.2d at 1226. In large part, this result is driven by a policy decision to interpret insurance coverage in a broad fashion to benefit injured parties.

Adoption of an "exposure theory" rather than a "manifestation" or some other theory is relevant to insurance coverage for a resulting injury. By extension, Simmons argues that it is also relevant to when a claim arises for bankruptcy purposes.

"Claim" is broadly defined under the bankruptcy statute. Section 11 U.S.C. § 101(5). *See F. Roach v. Edge & T. Roach (In re Edge and T. Roach),* 60 B.R. 690 (Bankr. M.D.Tenn.1986). That broad interpretation of "claim" makes the "fresh start" granted by the debtor's discharge as effective as possible. The fact that the debtor is a corporation which ceases to exist upon the bankruptcy filing and does not receive a discharge under chapter 7 makes that policy more problematic in that context. In the interest of consistent legal doctrine, however, such facts probably should not change the legal analysis.

This Court has determined that the correct analysis in this accident situation is that set forth in the recent decision of *In re Piper Aircraft Corp.,* 162 B.R. 619 (Bankr.S.D.Fla. 1994). The *Piper Aircraft* court found that some prepetition relationship between a debtor and a claimant is a threshold requirement for the allowance of a general unsecured claim against a bankruptcy estate. *Piper Aircraft,* 162 B.R. at 627.

This independent requirement of prepetition relationship applies whatever particular test is used to define liability on a claim in the context of 11 U.S.C. § 101(5). Even if the earliest point of contact (the "exposure" test) is adopted as the analytical framework for determining when a claim arises, some prepetition connection between the debtor and the "claimant" is essential. *Piper Aircraft* at 627–628.

This Court has no evidence of any prepetition relationship between Correct and Simmons. Certainly the machinery which may have been a factor in Simmons' injury was manufactured by the debtor prior to its bankruptcy filing. However, under *Piper Aircraft* and this Court's view of the relationship required to entitle a party to assert a general unsecured "claim" against this Chapter 7 estate, there would need to be prepetition events directly linking this debtor to this claimant. The scope of such events is not being decided at this time because there is no evidence of any such events. The only fact that the Court knows about Simmons is that the accident which resulted in his injury occurred after Correct was in bankruptcy.

**460**

Based upon the facts in this record and the Court's adoption of the "prepetition relationship" test set forth in *Piper Aircraft,* 162 B.R. 619, Simmons has no claim against this estate under the definition of claim codified in 11 U.S.C. § 101(5). Therefore, it is not necessary for the Court to consider whether Simmons has demonstrated excusable neglect for the untimeliness of his proof of claim filing. Accordingly, the Trustee's objection to Simmons' claim is **SUSTAINED** and Simmons' claim is hereby **DISALLOWED.**

IT IS SO ORDERED.